Milligan, J.,
dissenting:
I regret that I do not entirely concur with my brother judges in the decision of this case.
The statutory provision under which this motion is made is /altogether anomalous, and wholly unlike anything I have *715 heretofore observed in judicial proceedings, and must receive a strict construction.
It is obvious, when tbe appeal was taken in this court to the Supreme Court of the United States, that the Court of Claims eo instanti lost jurisdiction over the cause 5 and to my mind it is equally clear, the moment the motion was made here on behalf of the United States for anew trial, ipso facto, that motion ousted the Supreme Court of jurisdiction, and transferred the cause to this court.
In this view of the case, I think the, cause now stands here, by the election of the United States, to all intents and purposes as it did before the appeal, but with a motion for a new trial after final judgment on the merits, and the close of the term at which it was rendered.
Ordinarily such a motion would not be entertained for a single moment, but the statute makes it imperative on this court to entertain it, if made within the time limited by the act, notwithstanding the term has closed, or the court has lost jurisdiction by appeal.
The ex parte affidavits on which the motion is made, I think, are sufficient to obtain the rule to show cause why the judgment should be opened, and a new trial granted, but when they have subserved this purpose, they cannot be used for any other. If the case was like an ordinary motion for a new trial, the rule would be otherwise; but, as already stated, it is wholly different, and stands alone, outside and beyond all proceedings of the kind at common law, and must be governed by the strict letter of the statute itself..
Before we can grant a new trial in this case, we must, by the terras of thestatute, be reasonably satisfied “upon such evidence,” (although the same may be cumulative or other,) that “fraud, wrong, or injustice in the premises has been done to the United States.”
The delicate duty of investigating fraud, wrong, and injustice is devolved on the court by this motion, and that investigation by the terms of the statute is rested on uevidence ” which has a technical meaning, that certainly does not include ex parte affidavits.
The judgment is founded on legal evidence, and now we set it aside, on evidence so-qalled, read under objection, which could *716 not have been admitted on tbe original bearing, which I do not think we are authorized to admit under the statute.
The establishment of such a rule of practice in this court does not appear to ine to be just to the claimant, or in harmony with the extraordinary provisions of the statute. The judgment confers on him the right of property, and this is a judicial proceeding to show that right was obtained by fraud, wrong, or injustice to the United States, and this court opens the judgment on one or all of these grounds on ex parte affidavits, taken without cross-examination, and the introduction of papers showing his complicity with the rebellion, but which are not proven according to' law, so as to give the dignity of evidence.
It is said, however, that the statute makes no provision for taking depositions on this motion, or proving the execution of papers offered in evidence according to law; and of necessity the whole proceedings must be ex parte and preliminary, leaving the parties free on the second hearing to present their testimony authenticated according to law.
I do not concur in this view of the statute. It is true the act of Congress does not provide in terms for notice of this motion, or for the taking of depositions to sustain it; but it requires the judgment to be overthrown by “evidence” of fraud, wrong, or injustice to the United States, which, ex vi termini, means legal evidence, and that cannot be obtained under the rules of this court, except in the regular mode therein pointed out. For this reason I am unable to concur in the opinion of the majority of the court.
Peck, J., did not sit in this case, and took no part in the decision.